IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| AMY BIEKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO ADVANTAGE INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff Amy Bieker, through counsel Washington Law Group, for his Complaint states and alleges as follows:

**PARTIES**

1. Plaintiff is an individual residing within Washington State.

2. Upon information and belief, Defendant Geico Advantage Insurance Company ("Geico") is a foreign insurance carrier doing business within King County, Washington State.

COMPLAINT - 1

WASHINGTON
LAW GROUP
P. O. Box 1180
Mercer Island, WA  98040
(206) 687-7194 • (206) 400-1643 FAX

## JURISDICTION AND VENUE

3. The matter in controversy exceeds Fifty Thousand Dollars ($100,000), exclusive of interest, costs, and attorney fees.

4. The matter in controversy stems from a breach of an insurance contract which provided coverage for a risk principally located in Washington State.

5. This Court has original jurisdiction and should hear this case.

6. At all relevant times herein, Defendant Geico solicited business, transacted insurance business, and/or had an office for the transaction of insurance business, within King County, Washington.

7. Pursuant to Washington law, Defendant Geico is considered a resident of King County Washington.

8. Venue is proper in King County, Washington.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. At all relevant times, Defendant Geico insured Plaintiff Bieker under a policy of automobile insurance which included uninsured motorist coverage.

10. Bieker fully paid all required insurance premiums and complied with all other conditions and requirements of the Geico policy.

11. On October 10, 2020, Plaintiff Bieker's vehicle was hit.

12. The at fault driver was unisured.

13. The collision was unavoidable by Plaintiff Bieker.

14. The accident caused Plaintiff Bieker personal injuries.

15. The accident was the proximate result of the at fault driver's failure to exercise reasonable care in the operation of her vehicle.

16. No other party or entity was negligent in connection with the accident.

17. Plaintiff Bieker incurred medical expenses and other damages as a direct and proximate result of the accident.

18. Pursuant to the terms and conditions of Defendant Geico's personal injury protection and underinsured motorist coverages, Bieker executed forms and documents enabling Geico to investigate the nature and extent of his injuries and damages.

19. Upon information and belief, Defendant Geico performed a superficial investigation of Plaintiff Bieker's claims in violation of Washington law. Geico failed and refused to offer a reasonable amount in settlement of Bieker's claims. Geico's failure to make any good-faith effort to settle Bieker's claims within her policy limits constituted a breach of its duties of good faith and fair dealing and an unreasonable refusal to pay benefits.

## COUNT I - BREACH OF RCW § 48.30.015

20. Plaintiff Bieker restates and incorporates by reference the allegations contained in paragraphs 1 - 19 above as if fully set forth herein.

21. Defendant Geico owed a statutory and common law duty to act in good faith and with reasonable and ordinary care toward Bieker.

22. Defendant Geico breached its duty to act in good faith and with reasonable and ordinary care.

23. Pursuant to RCW § 48.30.015, Bieker is entitled to entry of findings that Geico acted unreasonably in refusing to tender payment of benefits, along with an award of three times her actual damages, and an award of reasonable attorney's fees, to include actual and statutory litigation costs, including expert witness fees.

## COUNT II - BREACH OF FIDUCIARY DUTY

24. Plaintiff Bieker restates and incorporates by reference the allegations contained in paragraphs 1 - 23 above as if fully set forth herein.

25. Defendant Geico owed a fiduciary or quasi-fiduciary duty and enhanced obligation of fairness to Bieker.

26. Defendant Geico breached its fiduciary duty or quasi-fiduciary duty and enhanced obligation of fairness to Bieker.

27. As a result of Defendant Geico's breach, Bieker sustained severe damages, including, but not limited to, past and future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, and other past and future economic and non-economic damages.

## COUNT III - BREACH OF REGULATORY DUTIES

28. Plaintiff Bieker restates and incorporates by reference the allegations contained in paragraphs 1 - 27 above as if fully set forth herein.

29. Defendant Geico had a duty to comply with the provisions of the Unfair Settlement Practices Act as set forth in WAC 284-30, et seq., and other statutes and regulations.

30. Defendant Geico breached its duties as set forth in WAC 284-30, et seq., and other statutes and regulations.

31. As a result of Defendant Geico's breach, Bieker sustained severe damages, including, but not limited to, past and future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, and other past and future economic and non-economic damages.

**COUNT IV - BREACH OF CONSUMER PROTECTION ACT**

32. Plaintiff Bieker restates and incorporates by reference the allegations contained in paragraphs 1 - 31 above as if fully set forth herein.

33. Defendant Geico had a duty to comply with the provisions of the Consumer Protection Act (CPA), RCW Chapter § 19.86.

34. Defendant Geico breached its duties as set forth in the provisions of the Consumer Protection Act (CPA), RCW Chapter § 19.86.

35. As a result of Defendant Geico's breach, Bieker sustained severe damages, including, but not limited to, past and future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, and other past and future economic and non-economic damages.

36. Defendant's CPA violations entitle Bieker to recover treble damages, reasonable attorney's fees, costs of suit, injunctive relief, and other relief as permitted by statute.

**COUNT V -ACTION FOR DECLARATORY RELIEF**

37. Plaintiff Bieker restates and incorporates by reference the allegations contained in paragraphs 1 - 36 above as if fully set forth herein.

38. The contract of insurance issued by Defendant Geico provides coverage to Bieker for the claims asserted herein.

39. Pursuant to RCW § 7.24.020, Bieker is entitled to a declaratory judgment establishing his right to coverage under the terms of the Geico policy.

**WHEREFORE**, Plaintiff Bieker prays for the following relief:

1. For general, special, economic, and non-economic damages, in an amount to be proven at trial;

2. For punitive damages to the extent allowed by law;

3. For a declaration of rights as set forth herein;

4. For reimbursement for all costs, expenses, or attorney fees associated with, or incurred in, litigating the claims described herein, including but not limited to actual expenses and expert witness fees;

5. For trebling of the actual damages sustained as well as attorney's fees, expenses, and costs; and

6. For such other and further relief as the Court deems just and equitable.

DATED this March 10, 2021.

WASHINGTON LAW GROUP

_s/Jaime Michael Olander_____
By: Jaime Micheal Olander
WSBA No. 25129
P. O. Box 1180
Mercer Island, WA  98040
E-mail jaime@walawgroup.com

COMPLAINT - 6

WASHINGTON
LAW GROUP
P. O. Box 1180
Mercer Island, WA  98040
(206) 687-7194 • (206) 400-1643 FAX